SERVICE TRANSPORTATION LINES, INC., *et al.*, Plaintiffs-Appellees, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant.— (ARTIM TRANSPORTATION SYSTEMS, INC., *et al.*, Plaintiffs; Billie M. Cox *et al.*, Intervenors-Appellants.)

Fourth District   No. 15347

Opinion filed October 5, 1979.—Rehearing denied November 13, 1979.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Special Assistant Attorney General, and Mary C. Ubatuba, Assistant Attorney General, of counsel), for appellant Illinois Commerce Commission.

Routman, Lawley & O'Hara, Ltd., of Springfield, for appellants Billie M. Cox, William G. Honeg and Cox Transfer, Inc.

Edward D. McNamara, Jr., of Springfield, for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

On October 30, 1973, Cox Transfer, Inc., Billie M. Cox, and William G. Honeg (applicants) filed a verified "Petition For Approval to Participate in Management and Ownership of Motor Carrier" before the Illinois Commerce Commission (Commission). The applicants alleged that they were petitioning the Commission pursuant to section 18—309(c) of the Illinois motor-carrier-of-property law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—309(c)) for approval of the sale by Billie Cox of a 40-percent interest in Cox Transfer, Inc., to William G. Honeg.

The application was docketed and the matter was set for hearing by the Commission. Petitions to intervene were filed on behalf of numerous carriers, and these petitions were granted. The intervenors were represented at the hearing by counsel and participated in the proceedings.

The Commission's hearing examiner ruled at the first hearing that the issue in the proceedings was whether or not the transaction was an

acquisition of control which would bring the matter within the purview of section 18—309 of the Illinois motor-carrier-of-property law. If there were an acquisition of control, then under the requirements of the statute, the applicants would have to establish that the authority sought to be transferred had not become dormant. The intervenors objected to this ruling by the hearing examiner.

On November 19, 1975, the Commission entered a final order. In sum, the Commission found that under the test that it had developed and applied in previous cases, the sale of 40 percent of the stock in Cox Transfer, Inc., would appear to constitute only a partial acquisition of control. Further, Honeg was not authorized to control or manage Cox Transfer, Inc., in any way that is within the purview of section 18—309. The application was granted.

After a petition for rehearing was filed and denied, the intervenors appealed to the circuit court of Sangamon County pursuant to section 18—900 of the Illinois motor-carrier-of-property law (Ill. Rev. Stat. 1977, ch. 95½, par. 18—900). Briefs were filed and arguments were heard, and the circuit court ruled that the Commission should have made a finding of fact regarding the issue of dormancy as required by section 18—309(c). The circuit court reversed the Commission's order. The Commission and Cox Transfer, Inc., appeal.

One finds that there was no challenge in the circuit court of the sufficiency of the evidence supporting the findings by the Commission. The contention of the appellees is that any hearing pursuant to section 18—309 of the Illinois motor-carrier-of-property law requires a finding by the Commission regarding dormancy.

The appellees argue that the petition filed with the Commission was filed as a petition under section 18—309(c). The Commission docketed the petition pursuant to section 18—309(c) and set it for hearing. Therefore, appellees argue the Commission could do nothing but continue with its hearing and make the statutory findings. They claim the Commission has no power to determine that section 18—309(c) is not applicable.

The position of the Commission is that it was presented with the threshold question of whether or not the sale to Honeg of a 40-percent interest in Cox Transfer, Inc., was an acquisition of control under section 18—309(b). If there was no acquisition of control, then there was no need to make the findings required by section 18—309(c).

■■ We find this argument by appellees to be without merit. Section 18—309(c) provides that whenever a transfer, consolidation, merger, purchase, lease, operating contract, or acquisition of control is proposed, then there shall be hearings and findings. We view the petition filed with the Commission as merely submitting to the Commission the question of

whether this transfer of a 40-percent interest was an acquisition of control by Honeg. We think it fairly contemplated by the legislative scheme that the Commission had the power to determine, first, whether the transaction at issue was one requiring action under section 18—309(c). Any other construction of the statute would lead to obviously absurd results.

■ The Commission refers this court to three of its previously decided cases, decided during the period 1968 to 1975. The cases are said to demonstrate that the Commission has decided on past occasions that the sale of 25 percent to 40 percent of a motor carrier was not the transfer of control. The appellees do not dispute that the Commission has consistently acted in this manner.

Where a particular construction has been given to a statutory provision and it has continued for a long term of years and has been acquiesced in by the public at large, such construction is entitled to great weight. *Mississippi River Fuel Corp. v. Illinois Commerce Com.* (1953), 1 Ill. 2d 509, 116 N.E.2d 394.

We hold that the Commission may first determine whether a transaction at issue is one contemplated by section 18—309 before it is required to undertake hearings and make findings pursuant to that section. This initial determination by the Commission is, of course, reviewable under section 68 of the public utilities act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 72).

Accordingly, we reverse the order of the circuit court and remand with directions to enter an order affirming the order of the Commission.

Reversed and remanded.

CRAVEN and GREEN, JJ., concur.